UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| CARLOS ADAMS, et al., | ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 6: 04-521-DCR |
| V. | ) ) | |
| MINNESOTA MINING AND MANUFACTURING CO., et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of American Optical Corporation's ("American Optical") motion to sever [Record No. 2] and the Plaintiffs' motion to remand this matter to state court [Record No. 8]. On January 27, 2005, the Court granted both motions, in part, but held the Order in abeyance, pending limited discovery and briefing regarding the connection between individual plaintiffs and two non-diverse Defendants from Kentucky, *i.e.*, Mine Service Company, Inc. ("MSC") and Kentucky Mine Supply Company ("KMSC"; collectively referred to as "the Kentucky Defendants"). American Optical and Minnesota Mining and Manufacturing Company ("Minnesota Mining") argue that the Kentucky Defendants were fraudulently joined to defeat federal diversity jurisdiction.

There are currently 167 Plaintiffs in this action. Following limited discovery, the Plaintiffs contend that 162 Plaintiffs have established a sufficient link to the Kentucky Defendants. Two of the manufacturing Defendants (Minnesota Mining and American Optical), however, contend that no more than eleven Plaintiffs have stated colorable claims against the

Kentucky Defendants. The Kentucky Defendants did not take the opportunity to brief the issue, which suggests that they do not object to the Plaintiffs' contention that 162 plaintiffs have valid claims against them. For the reasons discussed herein, the Court will sever the 162 individual plaintiffs identified in the Plaintiffs' brief, and remand those plaintiffs to the Leslie Circuit Court.

## I. BACKGROUND

The Plaintiffs are coal miners who allegedly suffer from black lung disease. They worked in coal mines in Kentucky and used various respirators designed to reduce harmful coal dust from entering their lungs. The respirators were manufactured by one of the five manufacturing defendants in this case, *i.e.*, Minnesota Mining, Mine Safety Appliances Company, American Optical, Flexo Products, Inc., and Moldex-Metric, Inc. The Plaintiffs claim that the respirators were defective, causing coal dust to enter their lungs. They claim that this defect led to their contraction of black lung disease.

The Kentucky Defendants, MSC and KMSC, were not involved in manufacturing the masks but were simply retailers that sold masks from certain manufacturing defendants. MSC and KMSC were incorporated in Kentucky and have their principal place of business in Kentucky. Thus, their presence defeats diversity jurisdiction because most of the Plaintiffs are Kentucky citizens.

## II. LEGAL ANALYSIS

During the limited discovery period, the Plaintiffs sought discovery from the Kentucky Defendants and several Defendants sought discovery from the Plaintiffs. The Plaintiffs sought

information from the Kentucky Defendants regarding their supplying masks to the relevant employers. In addition, Minnesota Mining and American Optical sought discovery from the Plaintiffs regarding their past work history. The parties principally disagree on the amount of proof necessary for the individual Plaintiffs to demonstrate a sufficient causal nexus between themselves and at least one of the Kentucky Defendants. The Plaintiffs argue that evidence linking their previous employers with the Kentucky Defendants is sufficient. Minnesota Mining and American Optical essentially argue that only those individual Plaintiffs who actually remember the name of their mask supplier can establish sufficient causation.

At the outset, it is important to note that the burden of establishing jurisdiction is upon the defendant as the removing party. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993); *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 330 (6th Cir. 1989). In *Coyne v. The Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999), the Sixth Circuit explained the relevant considerations in analyzing a claim of fraudulent joinder, noting that:

> the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

It should be further noted that:

> [t]his court has a responsibility to accept jurisdiction in all proper cases. [However,] [i]t has a greater obligation to protect the jurisdiction of the State court, both by reason of comity to that court and fairness to litigants who have chosen it as a forum. Where there is doubt as to federal jurisdiction, the doubt

>should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.

*Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967).

The crucial question is whether individual Plaintiffs have sufficient proof of causation against a Kentucky Defendant, such that a Kentucky court would conclude that the Kentucky Defendant was a proper party to the case. Minnesota Mining and American Optical argue that the Plaintiffs must show that a Kentucky Defendant supplied masks to their employer at the time the Plaintiff was employed at that mine and must also show that no other masks were used. While this type of causation evidence might be necessary at trial, at these early stages of the proceedings, the Plaintiffs do not have to make such a strong showing. However, they must show that they have a "colorable claim" that a Plaintiff *may* recover against a Kentucky Defendant.

The Plaintiffs have traced 162 of the 167 plaintiffs to a Kentucky Defendant through a connection between their employers and at least one Kentucky Defendant. In addition, they have only included among the 162 plaintiffs those persons who used a type of mask sold by a Kentucky Defendant. As noted by Minnesota Mining and American Optical, however, they have not shown that they worked for the employer at the time a mask was supplied by the Kentucky Defendants. The record indicates that the Kentucky Defendants informed the Plaintiffs' that they were unable to produce all of their sales records during the 30-day discovery window and, instead, simply produced a sampling of records, without corresponding dates of sales. Thus, the Plaintiffs are unable to chronologically tie their use of dust masks to the Kentucky Defendants

because of the Kentucky Defendants' failure to produce sufficient discovery during the 30-day period.

Tellingly, the Kentucky Defendants have not briefed the issue of severance and remand and have not moved to be dismissed from the case. Clearly, if the Plaintiffs' connection to the Kentucky Defendants was so tenuous as to fail the Plaintiffs' minimal burden of showing a "colorable basis" that they *may* recover, it would seem that the Kentucky Defendants would have moved for dismissal.

At trial, the Plaintiffs will almost certainly require more of a link to the Kentucky Defendants. Kentucky's causation test states that "'the claimant must introduce sufficient proof to tilt the balance from possibility to probability.' An inference is simply 'nothing more than a probable or natural explanation of facts . . . (which) arises from the commonly accepted experiences of mankind . . . .'" *Bartley v. Childers*, 433 S.W.2d 130, 132 (Ky. 1968) (quoting 29 Am. Jur. 2d *Evidence* § 161. If the Plaintiffs are prevented from presenting strong circumstantial evidence due to the Kentucky Defendants' failure to produce sufficient records, then certain inferences might be available to the Plaintiffs. At this stage of the proceedings, however, the Court cannot say that there are no circumstances in which those Plaintiffs demonstrating a connection to the Kentucky Defendant could recover from them. The Kentucky Defendants' failure to produce records from each year and failure to include the dates of sales does not establish that the Plaintiffs do not have sufficient ties to the retailers. If so, the Kentucky Defendants would be rewarded for producing incomplete discovery.

As the Kentucky Defendants produce more discovery, it may become clear that more Plaintiffs do not have the a valid claim against a Kentucky Defendant. If so, it may be possible for those Plaintiffs to be severed (at the discretion of the state court) and again removed to federal court, if done in a timely manner.[1]

### III. CONCLUSION

The Plaintiffs have used the information provided by the Kentucky Defendants to separate those Plaintiffs who may possibly have used a mask provided by a Kentucky Defendant from those Plaintiffs who could not have done so. The failure to provide a more concrete link between the Kentucky Defendants and individual Plaintiffs is due largely to the limited amount of information provided by those Defendants during the discovery period. Perhaps because of this, the Kentucky Defendants did not object to the Plaintiffs' proposed method of severance. Accordingly, for the reasons discussed herein and for the reasons discussed in the Memorandum Opinion and Order of January 27, 2005 [Record No. 19], it is hereby

**ORDERED** as follows:

(1) The Plaintiffs' Motion to Remand [Record No. 8] is **GRANTED**, in part, and **DENIED**, in part;

(2) The Defendants' Motion to Sever [Record No. 2] is **GRANTED**, in part;

(3) The claims of: Carlos Adams, Luther Adams, Allen Anderson, Bobby Anderson, Danny Asher, Trellis T. Ayers, Curtis Bailey, Larry Bailey, Dallas Baird, George Baird, Denver Baker, Donald W. Baker, Robert William Baker, Arthur Ball, Mark Barker, C. B. Barrett, John

---

[1] The Defendants may be constrained by the one-year limit on removal. 28 U.S.C. § 1446(b).

L. Boggs, David Bosley, Jennings Bowling, Lee Bray, Charles E. Brigmon, Johnny Brock, Dennis Brown, Tommy Brown, Teddy Browning, Sam Burgett, Jake Burkhart, Sylus Burkhart, Freddie W. Burns, Harold Caldwell, James Caldwell, Keith W. Caldwell, Corrum Callahan, Barry L. Carmical Sr., David Carmical, Gary W. Carmical, Richard C. Carmical Sr., Merrill Carr, James R. Chasteen, Anthony Collett, Bart Collins Jr., Ralph E. Collins, Ronnie Cook, Jimmy C. Cooper, Luther J. Cottrell, Tony C. Cox, Charles D. Creech, Don Curtis, Eddie W. Day, J. D. Day, Randy Deal, Shirley A. Deal, David J. Depew, John D. Donahue, James R. Eades, David G. Estep, Ronnie Eversole Sr., Daniel G. Farley Jr., Oscar Farley, Paul E. Feltner, Raymond Fields, Roger Fields, Clarence Floyd, Cecil Foutch, Dwight Fowler, Ronnie W. Gibson, James E. Gist, Allen W. Goins, Charles L. Gray, Denver Gross, Robert Gross, Tommy Gross, Larry W. Grubb, Rodney Hale, Gary W. Hall, Charles Harris, Charles G. Harris, Robert Hayre, Andy Hays, Ralph Hensley, Ricky Hensley, Ronald Henson, Thomas R. Hicks, Morgan L. Holmes, Ricardo Holts, Delaney Hoskins, Fred Hoskins, Glen Hoskins, Dewey Hubbard, Raymond Hubbard, Virgil Hubbard, Paul Hurt, Jerry W. Irwin, Clayton Jackson, Ray Jarvis, Kenneth Jewell, Larry Joseph, Jerry W. King, William Leddington, Clifford Lee, Jack Maggard, Benney Massey, George C. Massey Sr., Billy J. McPherson, Melton, Gary K. Melton, Herbert Minton, Lonnie D. Minton, David Mitchell, Mikel Morgan, Clifford Nantz, Everett W. Napier, Lee Napier, Willie Napier Jr., Edgar E. Needham, Lester Nolan, Curtis Osborne, Charles Owens, Wilburn Pennington, Robert Peterson, Henry W. Reid, Floyd Rhodes, Damon Robbins, Charles Roberts, Robert Root, Taylor Sams, Allen D. Sandlin, Clyde Short, Larry Short, John Simpson, Burley Sizemore, Jeff G. Sizemore, Junior Sizemore, Astor Smith, David Smith, Eddie Smith,

Glenn Smith, R. J. Smith, Vernon Smith, Wendell Smith, Mack Southwood, Paul M. Spurlock, Michael Stephens, Danny Stevens, Otto Stewart, Paul A. Sturgill, James E. Talbott, Harvey L. Thomas, Don E. Tippett, Jerry Wagers, Charles Walker, Curtis Wells, Tommy Wells Sr., Mark M. Whitaker, John D. Williams, Nathanial Wilson, Robert Witt, Stanley Woods, Anthony Wooten, Charles Wyrick and Scott Young are **SEVERED** from this case and these Plaintiffs' claims are **REMANDED** to the Leslie Circuit Court.

(4) The remaining Plaintiffs who may proceed in this Court are: Earl Gibson, Carlos Hensley, William Hensley, Dailey Sandlin, and Boyd Wagers.

This 22nd day of July, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge